People v Joseph (2019 NY Slip Op 00970)





People v Joseph


2019 NY Slip Op 00970


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Acosta, P.J., Gische, Kapnick, Gesmer, Singh, JJ.


5309/15 8348A 8348

[*1] The People of the State of New York, Respondent,
v
Christopher Joseph, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Eleanor J. Ostrow of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered February 23, 2017, convicting defendant, upon his plea of guilty, of sexual abuse in the first degree and sentencing him to a term of two years, unanimously affirmed.
Order, same court and Justice, entered on or about December 1, 2017, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
As to the appeal from the judgment of conviction, we perceive no basis for reducing the sentence.
As to defendant's civil appeal from his sex offender adjudication, we conclude that the court properly assessed 10 points under the factor for sexual contact under clothing, based on a reasonable inference that can be drawn from the victim's grand jury testimony (see People v O'Neal, 35 AD3d 302 [1st Dept 2006] lv denied 8 NY3d 809 [2007]). Regardless of whether defendant's correct point score is 85, or 80 as he claims, he remains a level two offender, and we find no basis for a discretionary downward departure (see People v Gillotti, 23 NY3d 841 [2014]). There were no mitigating factors that were not adequately taken into account by the risk assessment instrument, or that outweighed the seriousness of the underlying predatory sexual conduct.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK